Case number 20-1256 ETA, United Power, Inc. Petitioner v. Federal Energy Regulatory Commission. Mr. Patrizia for the petitioner, Mr. Glover for the respondent, Mr. Steele for the interviewees. Good morning everyone. Good morning. I'm Charles Patrizia, Paul Histon's law firm. The issues before the Court of the Federal Energy Regulatory Commission aired in asserting jurisdiction. FERC failed to determine that it would not be necessary. Then second, FERC aired in asserting exclusive jurisdiction over all issues related to our argument. Can I ask you to step back and first address the Commission's argument that none of your three major arguments were preserved? Let's just go through each one. There's two answers, please. The first is the issues were preserved. The hearing cited in the brief or references in the Appendix 176 specifically identified the issue of whether or not state law is complied with. FERC's position is that none of those points, none of those, none of the language you point to in your petitions before FERC are specific enough. Under this Court's very strict rules about preserving arguments in the FERC context. We've said this is, quote, an unusually strict requirement that will not be ignored by the courts. FERC's position is that none of your, none of the things you point to in all three arguments were sufficiently specific to put FERC on notice. There's two answers again. The first is that although the Court correctly says that rules are strict, that the issues must be raised, the Court has also made it clear that all that is required is to put the Commission on notice of the issue. It's fairly clear it has an issue to decide. Here the Commission's clearly, because the Commission itself said, both in the March order and in August, that it was aware of those issues and it was specifically not determining those issues. Are you referring to the contract issues? Are you referring to which issues now? We're referring to the state law issues. Okay, all right. Specifically, whether or not the ACO is properly. Can you, the Commission cites our decision in Indiana Utility Regulatory Commission. Are you familiar with that case? Yes, sir. Okay. It's to me to be right in point. The argument there, the argument there before the Court was that the Commission should have considered state law before it issued its order. And in its petition to the Commission, the utility said, having the retail utility bear a certification requirement is an impeachment of Indiana's general. Yes, sir. It looks just like this case. Well, I think the other point here is that United Powers specifically lodged with the Commission testimony in the underlying secrecy. You have to raise it in your petition. It has to be raised on the statute. The argument has to be raised in the petition to the Commission. It has to be raised before the Commission in the objections and in the notice. That lodging was specifically done to the Commission to identify the state law issues that were of concern and were not being addressed. And the Commission then said, to the extent United Power is raising state law issues, we're simply not going to determine them. Rather than the Commission saying, oh, gee, we're confused about what state law issues there are, the Commission said, we're not going to determine any of them. But then in your application for rehearing, you argued that FERC should wait for the state court proceedings to conclude. You didn't argue that FERC should decide the state law issues itself. FERC had told us that it did not want to decide those issues and it wanted to defer to the state. Therefore, if FERC continued in that view and did not want to decide those issues, it should wait for the state law of determination. Right, but now before this Court, you're arguing that FERC should have decided the state court. If it wasn't going to wait for the state court proceedings, it should have decided the state law issues. Exactly, Your Honor. But you did not raise that argument before FERC. FERC having said to us that it was not going to determine those issues and it would defer to the courts, we took FERC at its word. But that means that FERC under Michigan v. EPA cannot assert jurisdiction. If FERC wanted to assert jurisdiction, it would have to have those state law issues decided. FERC wants to defer it. That may well be true, but I don't believe you raised that argument before FERC. It's premature for FERC to take jurisdiction without those issues being decided. We noted that if FERC wanted to defer to the states, it had that ability to do that. FERC does that routinely. Even if you're right that that particular issue was preserved, that is that FERC had to wait for the State Commissions Act as opposed to FERC deciding it itself, what's the possible? FERC says, look, we had a rate filing before us. We had to decide that. And we have lots of cases that say we don't intrude in FERC's allocation of priority in the way it decides cases. Exactly. So how could we possibly second-guess that? I mean, FERC made this decision. It has an enormous amount of discretion to decide how it will act. It says it had a rate filing that it had to decide. There are two issues buried in that, Governor. I want to parse them separately. The first is that FERC has no duty to decide a rate case if it doesn't have jurisdiction. No, no, no. I'm not asking you about that question. I'm asking about the other question. You have two arguments. One is, as I understand it, you have a jurisdictional argument, right? That FERC couldn't act without resolving the state issue. And then isn't your second argument that even if it's not jurisdictional, FERC should have just waited for the state to act? No. That's not what you're arguing? That's not what I'm arguing. Oh, I misunderstood you. To the degree that FERC asserts it has jurisdiction, it has to make a finding, a necessary factual, predicated, legal finding. It has no duty to decide a rate case. It has no duty even to accept unless it has jurisdiction. The issue of whether it has jurisdiction is a preparatory predicate for the determination of jurisdiction. If it has no jurisdiction, determining the rate would be not sufficient. It has no jurisdiction to hide it. Have you said anything yet about the preservation of the argument challenging jurisdiction? Not the conditional jurisdiction with the state issues, but rather the jurisdiction that you, as I understand it, point to, for which you point to page 541, note 6. Have you said anything further about that? FERC only has jurisdiction in Tri-State if Tri-State is not owned exclusively. To the degree that Mieko's admission is the predicate for the determination Tri-State is not fully owned by cooperative utilities, then that issue was preserved. Indeed, we spent a lot of time in our materials before FERC on the issue of whether Mieko was properly owned. Maybe I'm wrong. As you just said a moment ago, the secondary issue was even if they had jurisdiction, it should have waited, right? No, Your Honor. Even if they have jurisdiction, then they did not properly determine the issues related to the First Amendment. Okay. All right. Good enough. Good enough. I want to go back to the beginning as to whether they by mentioning it at 540. What am I hearing? 541 and 547. Okay. Well, I'm looking at 541. Maybe 547 is more illuminating. In 541, it's a footnote 6, which it doesn't degrade it. There's no mention of the word jurisdiction. There's no argument made. There is what appears to be more an address to the Commission's discretionary decisions. Here's how it reads. United Power notes the Commission recognized that there were significant state law issues, and that those issues are before the Colorado PUC is better suited to determine the state law issues. Commission's determination of Tri-State's jurisdictional status while the state law issues remain to be fully determined by a better qualified state utility commission is premature as well as inefficient. Now, premature and inefficient are not jurisdictional criteria. And there's no suggestion that you're talking about lawful jurisdiction. I would say to you, Your Honor, the statement that it is premature for FERC to take jurisdiction while there are state law issues pending is exactly a question of FERC's jurisdiction. Well, you might have said so then and called their attention to that and let them respond to it. But FERC acknowledged that we had called their attention to it by saying March and August order, but it was not going to determine the state issues, and it recognized that those issues would have impact on FERC's jurisdiction. What is it, a 547 I should look at? Yes, Your Honor. Beginning of the second hearing, we were talking about whether the commission's that may well be true as a merit's matter, but it doesn't seem fairly raised by the arguments that you made before FERC. I mean, if FERC was to decide the state law issues, there's no briefing at all to FERC about how those state law issues should be decided or how they should think about those state law issues. I mean, it's hard to see. Well, they said that in their initial order, and then you made an application for rehearing and did not say they must decide the state law issues because that's a predicate of their jurisdiction. Instead, you raised all these arguments about the bylaws and articles. I mean, if the ACO membership has said, you know, we're not going to decide on those issues, the decision on those issues, which FERC recognizes, but it's not an obscure issue. You also argue that FERC's interpretation of cooperative ownership violates, runs afoul of federal power, right? But maybe you could show me in the petition before where you made that argument. I see where you made an argument that it violates tri-state bylaws, but I didn't see where you made an argument that it violated the federal power. Could you show us that? Yeah, that's the merits. I was asking where you raised the argument. I did have one question about if you were to receive a favorable ruling in the Colorado state courts, do you think FERC would be required to revisit its jurisdictional holding? What would be the path forward if you were to prevail in Colorado state court at this point? Anything else? Okay, thank you. Thank you. We'll hear from FERC. I'm Matthew Glover, and I represent the Vermont Federal Energy Regulatory Commission. It's great to be back in the courtroom, and I really want to thank the court staff and Cliff Szyslak and Ann for everything they've done, and I think I'll start with the jurisdiction questions that we've been discussing with my friend. Judge Tatel, we think you're absolutely right that Indiana regulatory is on point, and I would actually note something that the court said in Indiana regulatory, which was it matters not whether FERC is aware of the issue. There, the context was someone else had raised the issue in their rehearing petition, so it matters not whether FERC is actually aware of the issue. It matters whether this specific party has raised the issue, and it distinguished the sort of strictness of this jurisdictional provision, which the court said many times, with the traditional exhaustion provision that could be waived. I'd like to respond to the argument regarding the footnote. It's footnote six at VA 541, and there were high brief at page 21 at the top. They say this court has previously found jurisdiction where an issue was only raised in a footnote, and they cite one case called Columbia Gas, and that's just not true of Columbia Gas, and I'm aware of no case where the court has said you've sufficiently raised something, but in Columbia Gas, the court quoted the rehearing petition. It had a quote of a sentence from page 12, and then it followed up with a sentence describing that. Are you saying that you can't raise an argument in a footnote? If I were making the rule, I would agree with you, but is there any way the D.C. Circuit has said that? So, the S.E.C.'s jurisdictional provision, the S.E.C. jurisdictional provision, 15 U.S.C. 78Y, subsection C1, has the same language. Yeah, and we've said in that context that you can't raise an argument in a footnote. Yeah, I believe the case was last year, a case called Abbott. I'm embarrassed. I don't know what I'm talking about. It was argued December 1st, the same day as two cases I had argued, but the court there criticized a party for citing stuff in the footnote. Okay, the background of the brief, I've got you. They can't do that, but where's the footnote? And it cited there, I believe, some other cases related to where this court has said in its own case law you can't raise something in a footnote. Is that really what you want to rely on, Mr. Glover, that it was in a footnote as opposed to the substance of the footnote doesn't preserve the issue? So, I think I have all of those arguments. Let me back up and say, first of all, we think it's in a footnote to the introduction section, and so that wouldn't do it. We also think that it substantively did not say you must decide the Colorado state law issues or you don't have jurisdiction. Well, that's at least relevant. Now, I mean, look, we have innumerable cases in which a party wants to raise, preserve an issue by which the panel is bound. It's preserving it for en banc or for Supreme Court review, and it puts it in a footnote. They don't say it in a footnote. They preserve it. Yeah, but I think this is a stricter standard because it's about raising it to the commission so that the commission can decide something. And again, I'm not aware of a case where you've said you can put it in the background of your brief or you can put it in a footnote, but substantively, we don't think that footnote actually raises the timing jurisdictional challenge they're serving. Well, now you're onto it. So, right, there's no, I mean, that's my question. Go ahead. Well, I, you know, I think you were asking my friend on the other side about JA 541-06, and we don't think 541-06 says the argument they're presenting today. You know, it says note that, you know, that we note the commission has recognized there's something about state law issues, and this is premature as well as inefficient, sounds like the commission's discretion like you were discussing. I think this contrast significantly was one of the cases they cited in a bullet point, I believe at page 22 of their brief. It's the Louisiana case. That had to do with a pipeline segment, and there the petitioner had raised in rehearing, if you decide that this segment of the pipeline is a unique segment, then you need to decide two additional issues. And first, in the court's opinion saying there was enough to have raised it in the rehearing, it noted that the issue they were now pressing before this court was identical to that statement, if you decide this, you need to decide two more first. That first issue that they stated there. This court doesn't even do that and say, if you reject our arguments about the Articles of Incorporation and the bylaws and the sham transaction, you must then decide whether or not the ACO is a, its bylaws or its purchase agreement complies with state law. It doesn't even do that. What about your colleague's argument that FERC had already indicated quite clearly that it would not address the state law issues? And so in the context of FERC saying, you know, we will not address the state law issues, they didn't then make further arguments about state law in their application for rehearing. Your Honor, the commission stated what it had held and what it was not deciding, but they didn't make the argument that you have violated your jurisdiction and you must decide these issues. Again, they didn't make that argument in that footnote. And again, when basically, here's what we've decided. Here's what we haven't decided. It wasn't responding to some argument that you need to decide this. The commission. So what is FERC's obligation, though, to properly determine that it has jurisdiction? So, I mean, under Michigan v. EPA, it seems that you had to have made some determination of state law before asserting jurisdiction, or at least arguably that was a requirement that the commission had to meet. So if the commission fails to make a proper jurisdictional finding, and then a party fails to exhaust that argument, now FERC is allowed to assert jurisdiction over an area without proper reasoning? I mean, is that where we are? So I'm going to take a quick break. Sorry. It's been a while since I did this. Same for us. I would make a couple of points. Again, the 313B or 16 U.S.C. 825LB is jurisdictional as to this court's jurisdiction to raise that argument. I understand. But I'm just saying, yeah. But if I can take your hypothetical a step forward and say, like, let's say FERC did what the EPA did and actually said, we're not deciding whether or not Mieko is a member. Because the EPA and Matt said, we have authority to decide what's Indian country. We're just saying this isn't questioned so much. FERC had said, there's a question about whether or not you're a jurisdictional entity. And so we're going to pretend you're one and exert jurisdiction. And they didn't raise that on a rehearing. In this case, you would still have to reject it because they didn't raise it on a hearing. But they could come back with a declaratory petition tomorrow or maybe after seeing the red brief and say, gee, you are exceeding your authority every time you assert jurisdiction by not deciding whether or not there's jurisdiction. But the commission was clear here that it did decide for purposes of Section 201F, 16 U.S.C. 824 subsection 10. Mieko was a member. It went through the bylaws. It went through that. And it went to Enron, KN, Wattenberg. I mean, the commission looked at one. It looked at the underlying documents, the corporate documents. And it put aside state law. So it wasn't actually making a full jurisdictional finding. I mean, because FERC acknowledges that the state law issues were relevant. But then did not consider those state law issues. Yeah, absolutely. I think it's paragraph 76 of the third quarter. FERC acknowledges that it's not deciding those state law issues. But they're relevant and that they are not being decided. Yeah, that they could have an impact. The commission was saying, this is a declaratory order proceeding. You've given us this record. On this record, we've made a determination on the federal law question of whether you, whether tri-state is jurisdictional under 201F. We're determining that you are jurisdictional. Because we think you are no longer wholly owned. We were interpreting that part of 201F as wholly owned by non-jurisdictional entities. We're not addressing state law issues. And again, we were saying, if something changes on state law, if something changes on the facts, if Mieko tomorrow, or Merrill Bainey owns Mieko tomorrow or yesterday, Merrill Bainey had sold Mieko to the Department of Energy, he would come forward and say, whether Mieko is an owner or not doesn't matter. The Department of Energy is an entity of the United States. We would be exempt under 201F. The commission was ruling on the record before deciding the federal law issues. So would the commission be required to revisit its jurisdictional holding if United Power prevailed in Colorado State Court? If someone, certainly United Power could in the ongoing proceedings, or could initiate its own declaratory order proceeding, saying, we have the state court ruling. We think that nullifies Mieko's membership. We think it nullifies it going forward or going backwards. That would depend on what's going on there. And the commission would have the opportunity to say, does that change our decision? We made a decision under 201F. And on a different record, we might make a different decision. It's similar to the distinction between the Delta Montrose case. The commission decided on the record there that under 201F, Tri-State was exempt because it was owned solely by public utility members. Here, it decided on the record here. Factually, Your Honor, there is some notes. I know the 28J opinion noted this. Tri-State now has two additional non-utility members. So a ruling on Mieko's membership, I think you would still need to address whether those other non-utility members are exempt. Et cetera. I'd like to just quickly pivot to respond to one other point from the reply brief. In the reply brief at page 27, they described it as an alternative argument not made in the first re-hearing order that the charge or fee or in connection with provision of jurisdictional services. That's quite clear in the second re-hearing order at JA94 paragraph 5. The commission quotes section 205A, which is 824DA, and italicizes that language or in connection with. So I don't think you can argue the commission didn't make a determination as to that. Well, I mean, it's an assertion. There's no argument, of course. I think it says, or at least in connection, right? Directly affects or at least is it correct? Paragraph 5. What's the page on that, Mr. Glover? I believe it's 80 and 90. Yes, paragraph 5. Yes, section 205A refers to all rates charges made, demanded, received by any public utility. I know I'm in the red light. Or in connection with. Or in connection with italics, the transmission or sale of electric energy leverage to the jurisdiction of the commission. And that's put in the statute. Tri-states exit charge falls within this. It's in connection with, right? Yeah, with the provision including the or in connection. Or in connection. No, but is it for or is it in connection with? The commission is saying that it falls into that provision that includes. You know, I think it's got an or. Sorry, it's got an or. It says for or in connection with. Yes, and it's saying that. So is it? Which one is it? The commission didn't say whether it's for or in connection with. It said it fit within that provision that covers the jurisdiction. Well, what do you think? I think that it's at least for or in connection. It's at least in connection. Well, let me let me say. I don't blame you. You can't go beyond what your client has said. That's fair. I think it's fair to say that for is more direct than in connection with. In connection with being broader, it's at least. OK, fine. That's good. OK, I know I'm over time. There's no other questions. I don't have any. OK, we'll hear from the interviewer. Thank you. Thank you. Please call Simon Steele on behalf of intervenors, responders, respondents. Just to be clear that it's tri-state interest to Tri-State members. It's very difficult to hear you. I think the whole podium comes up. Is that any better? Yes. Yeah. OK. So on behalf of the interviewees and respondents, we agree with everything that Berk has said. As you're aware, so I'd just like to make a couple of points and then answer your questions. If I can just go in reverse order, just address the preemption issue. The commission obviously decided this was a late charge for connection with service, as you just discussed. However, sections 205 and 206 of the EPA no distinction between rates and charges, classifications. If we have a practice or regulation or whole contract acting charges must just charges must determine just reasonable charges. As such, I'll agree with properly to charge charges. We submit it doesn't matter. United essentially sees pages 46 to 40. Exit charges, in this case, based on classification. By state charges in its West and its exit charges, regularly something the commission addresses with jurisdiction. United, therefore, ends up intending that there is three types of wholesale charges, exclusive jurisdiction, retail, generation, state jurisdiction. And then there's this third category of things that are affecting charges and rates, supposedly current jurisdiction. They cite no precedent supporting that. There are tons of Supreme Court precedents. Nature of the scheme is exclusive to dichotomy, either one, sometimes either state isn't. Just briefly, to the jurisdictional issues of bypassing the waiver issues discussed, as Judge Rao pointed out, if the issue is preserved, it's preserved. That footnote does not say. Indeed, specific, it says this decision should have been made. Later in 2020, cite page 12, footnote 12, answered this question. It's answered. That is not a decision to make. Okay, thank you. I think you're out of time. And counsel was out of time, right? Yeah, okay. Mr. Progetio, you can take two minutes. Very briefly. The hearing said that Judge Progetio is not a member of the State Court of Appeals. Also, the declaratory order of analysis is that the commission has overstepped. Well, what is your view of the intervener's argument about the fact that even if it's not a rate, it's directly affecting a rate? All right. Thank you. Case is submitted.
judges: Tatel, Rao, Ginsburg